UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRIDGET BERTRAND, individually and on behalf of her minor daughter, ANGELINA BERTRAND | * * * * | CIVIL ACTION<br><br>NO. |
| VS. | * * | |
| LINDE MATERIAL HANDLING NORTH AMERICA CORPORATION, TITAN INTERNATIONAL, INC., MI-JACK PRODUCTS, INC., ABC INSURANCE COMPANY, DEF INSURANCE COMPANY AND XYZ INSURANCE COMPANY | * * * * * * * * | SECTION ""<br><br><br><br><br>MAGISTRATE "    " |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

NOW INTO COURT, through undersigned counsel comes, Bridget Bertrand, a person of the full age of majority, domiciled in the Parish of Jefferson, State of Louisiana, the widow of Shawn Bertrand, individually and on behalf of her minor daughter Angelina Bertrand, who respectfully pleads as follows:

## PARTIES

1.

Made defendants herein are:

**LINDE MATERIAL HANDLING NORTH AMERICAN CORPORATION, ("Linde")** a foreign corporation, authorized to do and doing business in the Parish of Orleans, State of Louisiana;

**ABC INSURANCE COMPANY** a foreign insurance company licensed to do and doing business in the Parish of Orleans, State of Louisiana, which at all times pertinent hereto, provided liability insurance coverage on behalf of the defendant **Linde**.

**TITAN INTERNATIONAL, INC.**, **("Titan")**, a foreign corporation which is presently not authorized to do but is doing business in the Parish of Orleans, State of Louisiana;

**DEF INSURANCE COMPANY,** a foreign insurance company licensed to do and doing business in the Parish of Orleans, State of Louisiana, which at all times pertinent hereto, provided liability insurance coverage on behalf of the defendant **Titan**.

**MI-JACK PRODUCTS, INC., ("Mi-Jack"),** a foreign corporation authorized to do and doing business in the Parish of Orleans, State of Louisiana; and

**XYZ INSURANCE COMPANY,** a foreign insurance company licensed to do and doing business in the Parish of Orleans, State of Louisiana, which at all times pertinent hereto, provided liability insurance coverage on behalf of the defendant **Mi-Jack**.

2.

Jurisdiction in this court is proper under 28 U.S.C. § 1332, as all plaintiffs and all of the defendants are of diverse citizenship and the amount at issue exceeds $75,000.00 exclusive of interest and costs.

3.

Venue in this court is proper in that the accident which led to the damages sustained, giving rise to these claims occurred in the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1391 (a)

**FACTUAL BACKGROUND**

4.

Shawn Bertrand, ("Shawn") was an employee of the Ceres Company, in New

Orleans, Louisiana. In connection with his employment duties, he was required to work on equipment, including a Linde Reach Stacker, serial number E1X357W00057, Model No. C4531T45.

5.

On or about February 25, 2011, while working on the aforesaid equipment at the instruction of his supervisor, Wayne Mobley, the interior components of the rim assembly failed, forcing the tire assembly to act as a projectile striking Shawn, causing injury which led to his ultimate demise.

6.

The reach stacker was manufactured by defendant, Linde, and contained composite parts, including a five-piece wheel rim and locking ring, manufactured by defendant, Titan, and sold to Shawn Bertrand's employer by Mi-Jack.

7.

The aforesaid accident was clearly avoidable, had the equipment been designed properly and had an appropriate warning been given of the propensity of this equipment to fail under like circumstances.

8.

Petitioners contend that the aforesaid equipment was lacking because:

a)   the design of this product led to premature failure; or alternatively

b)   the rim assembly was mis-manufactured, causing it to fail prematurely, all in violation of La. Rev. Stat. 9:2800, *et seq*., any of which created an unreasonable risk of harm to Mr. Bertrand.

9.

The aforesaid rim assembly and tire were unreasonably dangerous because there was no warning to users that an explosion may occur, or if a warning was given, it was not given to the ultimate users, or available on the subject product, such that a reasonable user would have been forewarned.  This is in violation of La. Rev. Stat. 9:2800:57.

10.

On information and belief, this subject reach stacker and component parts were unreasonably dangerous because they failed to comply with the expressed warranties given to the plaintiff's employer, Ceres Terminals Incorporated.

11.

The defendants either had actual knowledge of these defects in this stacker, since it has been shown that a number of similar pieces of equipment show signs of premature fatigue and failure, including the wheel assembly on the opposite side of the subject reach stacker involved in this accident.

12.

These product defects in design, manufacture and warning; and breaches of warranty caused the Linde reach stacker to present an unreasonable risk of harm.

13.

As a result of the foregoing, Mr. Bertrand was killed and his survivors have suffered and continue to suffer as a result of his loss.

14.

At all pertinent times herein, Shawn Bertrand was engaged in "maritime employment" and it covered situs, pursuant to the Longshore and Harbor Workers Compensation Act 33 U.S.C. Sec. 901, *et seq*.

15.

Petitioner contends that the defendants are liable to her and her daughter for the following:

      A)      Physical pain and suffering sustained by Mr. Bertrand prior to his death;

      B)      Medical expenses incurred as a result of his treatment prior to his death;

      C)      Funeral Expenses;

      D)      Loss of support and services for Bridget;

      E)      Loss of support and services for Angelina;

      F)      Loss of consortium for Bridget;

      G)      Loss of consortium for Angelina;

      H)      Loss of Love and Affection for Bridget; and

      E)      Loss of love and affection for Angelina.

**WHEREFORE**, petitioner, **Bridget Bertrand, individually and on behalf of her minor daughter, Angelina Bertrand,** prays that the defendants, **Linde Material Handling North American Corporation, Titan International, Inc., Mi-Jack Products, Inc., ABC Insurance Company, DEF Insurance Company and XYZ Insurance Company** be served with a copy of the Complaint, that they be cited to appear and answer same and that after due proceedings are had, there be judgment herein in favor of the petitioners and against the defendants, **Linde Material Handling North American Corporation, Titan International, Inc. Mi-Jack Products, Inc., ABC Insurance**

**Company, DEF Insurance Company and XYZ Insurance Company** in an amount sufficient to compensate for the damages incurred, for penalties and attorney's fees in accordance with Louisiana law.

                                        Respectfully submitted:

                                        /s/ T. Peter Breslin
                                        T. Peter Breslin, Esq.  (3436)
                                        2908 Hessmer Ave. Ste 2
                                        Metairie, Louisiana 70001
                                        Phone:       (504) 780 9891
                                        Telefax:      (504) 780 7741
                                        Attorney for plaintiff
                                        tpb@tpbreslinlaw.com

**PLEASE SERVE:**
**Linde Material Handling North American Corporation**
c/o Corporation Service Company
320 Somerulos St
Baton Rouge, LA 70802

**Titan International, Inc.**
2701 Spruce Street
Quincy, IL 62301

**Mi-Jack Products, Inc**
Corporation Service Company
320 Somerulos St
Baton Rouge, LA 70802

**ABC Insurance Company**
**DEF Insurance Company and**
**XYZ Insurance Company**
Withhold service at this time